IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ORTHOFIX, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 13-cv-1463 |
| MELISSA GORDON, | ) |
| Defendant, | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Orthofix, Inc.'s (Orthofix) Motion to Compel Production of Documents from Kelly Bizosky, Laura Ramos and DJO LLC (d/e 62) (Motion). Plaintiff moves to enforce a subpoena served on DJO LLC (DJO), Defendant Melissa Gordon's current employer. The Motion also seeks to enforce subpoenas served on Kelly Bizosky and Laura Ramos. Bizosky and Ramos worked with Gordon at Orthofix and then moved to DJO at or about the same time that Gordon joined DJO. Bizosky and Ramos have now complied with the subpoenas served on them, so the Motion is moot with respect to them. Response in Opposition to Plaintiff's Motion to Compel Production of Documents from Kelly Bizosky, Laura Ramos and DJO LLC (d/e 65) (Opposition), at 3.

For the reasons set forth below, the Motion to enforce the subpoena served on DJO is ALLOWED in part and DENIED in part.

BACKGROUND

Gordon sold bone growth stimulating equipment for Orthofix to healthcare professionals. Bizosky and Ramos assisted her. Bizosky fitted the equipment onto patients. Bizosky had an independent contractor relationship with Orthofix. Ramos apparently was a sales assistant. Gordon's employment contract with Orthofix contained restrictive covenants, including a one year, non-compete clause and a clause prohibiting disclosure of confidential information and trade secrets. See Orthofix Inc.'s First Amended Complaint (d/e 23) (Complaint), ¶¶ 11-29, 48; Motion, at 1; Opposition, at 7.

On March 1, 2013, Orthofix moved responsibility for sales to a company called Innotek Medical Products, Inc. (Innotek). Orthofix offered Gordon a job with Innotek. Gordon declined. Her employment with Orthofix terminated on March 8, 2013. Gordon then started working for DJO. Orthofix alleges Gordon recruited Bizosky to go with her to DJO. See Complaint, ¶¶ 45-48. Orthofix alleges, among other things, that Gordon tortuously interfered with Orthofix's independent contractor relationship with Bizosky. Complaint, Count V ¶ 101.

Ramos also went with Gordon to DJO.  See Motion, Sealed Exhibits (d/e 64), Exhibit G, Deposition of Richard Spina (Spina Deposition), at 46-48.  However, the Complaint does not mention Ramos.

The Exhibits attached to the Motion give some indication that Gordon wanted to bring Bizosky and Ramos with her to DJO.  The Motion also contains documents indicating that DJO may have intended to have Bizosky act as a sales representative in Gordon's territory during the one-year non-compete period.  The documents also indicate that Bizosky and Gordon visited former Orthofix customers together.  At least one customer was reportedly told to now place orders through Bizosky.  See Sealed Exhibits, Spina Deposition, at 39-40, 45-46; Exhibit H, Email Thread dated April 12, 2013.

Orthofix believes that DJO and Gordon used Bizosky and Ramos to circumvent the one-year non-compete, and also to use Orthofix's confidential information.  Orthofix states that it issued the subpoena to discover documents relevant to proving this belief.  The subpoena at issue commanded DJO to produce the following documents:

> **REQUEST NO. 1:** All written agreements and documents reflecting or discussing written or unwritten agreements between DJO and Kelly Bizosky, including but not limited to Bizosky's job description, assigned territory and accounts, and terms of indemnity.
> . . . .

> **REQUEST NO. 2:** All written agreements and documents reflecting or discussing written or unwritten agreements between DJO and Laura Ramos, including but not limited to Ramos's job description, assigned territory and accounts, and terms of indemnity.
> . . . .
> **REQUEST NO. 3:** All communications between DJO and Kelly Bizosky, including documents received from and sent to DJO regarding Bizosky's potential employment with or engagement by DJO and the terms of Bizosky's employment with Orthofix.
> . . . .
> **REQUEST NO. 4:** All communications between DJO and Laura Ramos, including documents received from and sent to DJO regarding Ramos's potential employment with or engagement by DJO and the terms of Ramos's employment with Orthofix.
> . . . .
> **REQUEST NO. 5:** All communications regarding any bone growth stimulator customer or potential customer between Kelly Bizosky and anyone at DJO at any time before March 15, 2014.
> . . . .
> **REQUEST NO. 6:** All communications regarding any bone growth stimulator customer or potential customer between Laura Ramos and anyone at DJO at any time before March 15, 2014.

<u>Motion</u>, Exhibit F, <u>Subpoena attached Exhibit A</u>, at 6-7 (emphasis in the original).

DJO objects on relevance and undue burden grounds. DJO correctly notes that as a non-party, it is entitled to greater consideration on the issue of undue burden. See <u>Whitlow v. Martin</u>, 263 F.R.D. 507, 512 (C.D. Ill. 2009). DJO also argues that its relationship with Bizosky and Ramos is irrelevant to the claims against Gordon.

The documents sought are relevant, at least for discovery purposes. Information is relevant for discovery purposes if the information is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The requests related to Bizosky, in particular, could lead to evidence relevant to the tortious interference claim. The other requests could lead to evidence of Orthofix's theory that Gordon used Bizosky and Ramos to circumvent the non-compete clause, and also, to disclose confidential information and trade secrets to DJO.

The requests in the subpoena are generally narrowly tailored and not burdensome. The requests focus on information related to: (1) the hiring and terms of employment for Bizosky and Ramos, and (2) communication between Bizosky and Ramos and DJO regarding customers for bone growth stimulators during Gordon's one-year non-compete period ending March 15, 2014. The Court finds that these requests are sufficiently narrowly tailored and not unduly burdensome.

The Court, however, agrees that the introductory phrase of "all communications" in Requests Nos. 3 and 4 is overly broad. The requests would require production of all communications to or from Bizosky and Ramos regardless of their connection to Gordon or any matter in this case. The Court hereby modifies Requests Nos. 3 and 4 to avoid imposing this

undue burden.  See Fed. R. Civ. P. 45(d)(3)(A).  DJO's obligation to comply with Requests Nos. 3 and 4 is limited to producing "documents received from and sent to DJO regarding [either Bizosky's or Ramos'] potential employment with or engagement by DJO and the terms of [either Bizosky's or Ramos'] employment with Orthofix."

THEREFORE Plaintiff Orthofix, Inc.'s Motion to Compel Production of Documents from Kelly Bizosky, Laura Ramos and DJO LLC (d/e 62) is ALLOWED in part and DENIED in part.  DJO LLC is ordered to comply with the subpoena served on it by Orthofix, subject to the modifications set forth in this Opinion, and to produce the responsive documents by March 27, 2015.

ENTER:   March 6, 2015


     *s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE