E-FILED
Monday, 08 June, 2015  02:43:17 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ORTHOFIX, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 13-cv-1463 |
| MELISSA GORDON, | ) |
| Defendant, | ) |

## ORDER AND OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Before the Court is a Motion to Quash (d/e 69) filed by non-party DJO LLC (Motion 69).  The Motion is granted in part and denied in part as set forth below:

### Background

Plaintiff Orthofix, Inc. (Orthofix) and Defendant Melissa Gordon (Gordon), on September 1, 2007, entered into a Sales Agreement under which Gordon was to sell Orthofix products to physicians and other customers.  Gordon marketed and sold a variety of products during her time with Orthofix, including, but not limited to, bone growth stimulators.  Gordon was employed by Orthofix from September 1, 2007 to March 8, 2013 (Orthofix First Amended Complaint, paragraphs 35-36).

Orthofix' First Amended Complaint asserts claims against Gordon for breach of the employment contract between Orthofix and Gordon by breaching the customer non-solicitation provisions of the contract (Count I), breaching the unfair competition provisions of the contract (Count II), breaching the provisions of the contract promising not to disclose confidential information (Count III), misappropriating Orthofix' trade secrets (Count IV), and tortiously interfering with actual and prospective business relations (Count V). Orthofix has filed similar litigation against two other former sales people, Orthofix Inc. v. Hunter, No. 3:13-cv-00828, (N.D. Ohio) (Hunter), and Orthofix Inc. v. Lemanski, No. 2:13-cv-11421 (E.D. Mich.) (Lemanski).[1] The Motion to Quash indicates that Orthofix also has pending litigation with Nancy Barnes and David Wagenseller. Hunter, Lemanski, and Barnes are current or former DJO employees. Wagenseller is not, and never has been, a DJO employee. (Motion 69, pages 3-4).

Orthofix served a subpoena on non-party DJO requesting DJO, Gordon's present employer, produce all communications between Gordon and Eric Hunter, Bob Lemanski, Nancy Barnes, or David Wagenseller which relate to: 1) any confidentiality or non-competition agreement with Orthofix and the effect of it on their duties at DJO; 2) information

---

[1] The same counsel represents the defendant in the Hunter litigation, the Lemanski litigation, and this litigation

concerning protection of trade secrets; and 3) other information concerning customers and any communication regarding this lawsuit or any other lawsuit brought by Orthofix against any of these parties, with the exception of documents subject to attorney-client privilege.  The subpoena also seeks additional information regarding sales of bone growth stimulators to 54 physicians.  The documents subpoenaed were to have been produced on April 17, 2015, which coincides with the fact discovery deadline in the existing scheduling order.

Analysis

Under Fed.R.Civ.P. 45(c)(3)(A)(1) (IV), the Court must quash or modify a subpoena that "subjects a person to an undue burden".  The Court has broad discretion when reviewing discovery disputes and "should independently determine the proper course of discovery based upon the arguments of the parties".  Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996)

This Court has noted, when evaluating whether a subpoena issued under Rule 45 is unduly burdensome, that the Court may consider a number of factors including "relevance, the need of the party for the documents, the breadth of the document request, the period covered by it,

the particularity with which the documents are requested and the burden imposed". Whitlow v. Martin, 263 FRD 507, 512 (C.D. Ill. 2009)

A. <u>Orthofix' Request for Communications between Gordon and Eric Hunter, Bob Lemanski, Nancy Barnes, or David Wagenseller</u>

The specific request made by the subpoena at issue for the communications between Gordon and the individuals listed above is as follows:

> All communications between Melissa Gordon on the one hand and Eric Hunter, Bob Lemanski, Nancy Barnes, or David Wagenseller on the other hand related to 1) any confidentiality or non-competition agreement with Orthofix and the effect on their duties at DJO; 2) the definition, substance, and protection of information Orthofix claims to be trade secrets, including but not limited to customer lists and profile information, customer revenue information, and customer purchasing preferences; 3) this lawsuit or any other lawsuit brought by Orthofix against any of these parties, except to the extent that any such discussion may be privileged in which case a privilege log should be provided.

DJO objects to the production of all communications between Gordon and the individuals named above based upon undue burden and indicates that document review in this case is particularly time consuming because reviewing attorneys must look for attorney-client privilege and make protective designations and also redact HIPAA protected patient information. (Motion 69, pages 1-2)

Orthofix asserts that Gordon and DJO have created an arrangement whereby Gordon indirectly solicits her former Orthofix customers by selling those customers back bracing and pain cream while introducing them to others from DJO to sell bone growth stimulators to the former Orthofix customers. Orthofix further argues that the other employee-defendants used a similar scheme with DJO and discussions between these employee-defendants about the plan would prove Orthofix' theory.

DJO also argues that generally a non-party is entitled to greater consideration on the issue of undue burden. See Whitlow v. Martin, 263 F.3d 507, 512 (C.D. Ill. 2009). Orthofix notes that the Defendant's attorneys have been retained by DJO and are defending this lawsuit, as well as lawsuits against other former Orthofix' employees, pursuant to indemnity agreements that condition DJO's indemnity and defense on its ability to select counsel and manage the litigation. (d/e 74, page 2) Based upon these facts, the Court declines to quash the subpoena because DJO is a non-party.

The documentation sought in this subpoena, in particular in Request 3(1) and (2), is similar to information sought from DJO employees Kelly Bizosky and Laura Ramos, which was the subject of the Court's Opinion of

March 6, 2015 (d/e 66). The Court denied quashing the subpoena seeking that information on relevance and undue burden grounds.

The current request is overly broad as it requests "all communications" between Gordon and the individuals listed above. The request for the information concerning Bizosky and Ramos regarding communications concerning orders, contacts, or agreements between Bizosky and Ramos concerning bone growth stimulator customers or potential customers was limited in time to the one-year non-compete period of Gordon, which ended on March 15, 2014. Such a time limitation is appropriate here and decreases the burden on DJO in producing the requested documents.

Gordon was employed by Orthofix from September 1, 2007 to March 8, 2013. (Orthofix' First Amended Complaint, paras. 35, 36) A reasonable period for production of the documents requested in Request 3(1) and (2) at issue in this case is one year prior to Gordon leaving Orthofix and the termination of her one-year non-compete. Therefore, the applicable time period for production of the documents requested in Request 3(1) and (2) is from March 8, 2012 until March 15, 2014.

With regard to the individuals with whom communications must be produced, while Hunter, Lemanski, and Barnes are current or former DJO

employees, Wagenseller is not and was never a DJO employee. (Motion 69, page 3)[2] DJO is not required to produce information regarding Wagenseller in response to Request 3(1) and (2). With regard to the other requests made in Request 3(1) and (2), DJO must provide responses to the request for communications between Gordon and Eric Hunter, Bob Lemanski, and Nancy Barnes during the period from March 8, 2012 to March 15, 2014.

    DJO's Motion to Quash (d/e 69) is granted with respect to the information requested in Request 3(3) which seeks any communication regarding this lawsuit or any other lawsuit brought by Orthofix against the individuals named above. This lawsuit is based on allegations of facts which took place prior to the filing of the litigation. Review and production of all communication regarding litigation matters among the parties requested would likely require additional review for attorney-client privilege material and the creation of a privilege log. The Court finds the request to produce communication regarding on-going litigation is an undue burden on DJO. The burden on DJO in producing this information is not outweighed by the likelihood relevant information or information leading to

---

[2] Orthofix' response to the Motion to Quash contains no information concerning why information concerning Wagenseller would lead to relevant information for Request 3(1) and (2).

relevant admissible evidence would be contained in the requested communication regarding ongoing litigation.

B.  Orthofix' Request for Additional Sales Information

The subpoena in question also requests additional sales information from DJO in Requests 1 and 2.  (d/e 72, sealed, pgs. 7-8 of 16)  Orthofix requests an update of information produced by DJO over a year ago.  That information was originally requested in the subpoena directed to DJO by Orthofix which is attached to the Motion to Quash as Exhibit A (d/e 71, sealed, Request 1, pg. 12 of 22).  Orthofix points out that this information has previously been ordered to be produced in other litigation involving Orthofix and attaches, as Exhibit A (d/e 74-1) to its Response, the ruling of United States Magistrate Judge Jan M. Adler, Southern District of California.  Judge Adler ordered that these identical sales records were to be produced by DJO.  The Court agrees that DJO must supplement the previously produced materials until and including the close of fact discovery in this case on April 17, 2015.

DJO argues that the request for the additional sales information should be denied because Orthofix' experts have not used sales information previously produced by DJO in their damage experts' reports.

This argument is similar to the argument presented by Orthofix in resisting discovery concerning sales information requested by Gordon. (d/e 43, pg. 6) Orthofix argued that Gordon sought information not relied upon by Orthofix in its damage calculations. The Court rejected that argument. (d/e 43, pg.7) DJO, however, agrees that its sales gained in the Central Illinois territory is a proper measure of damages in this case. (Motion to Quash, d/e 69, pg. 5)

Orthofix, on the other hand, asserts that its expert has reviewed and considered the DJO sales data and Orthofix has and will rely upon it to develop its case on liability. (Response to Motion to Quash, d/e 74, pg. 7)

The Federal Rules of Civil Procedure grant the Court broad latitude regarding the type of information which may be discoverable. According to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense". Discovery requests are relevant if there is a possibility that the information sought may be relevant to the subject matter of the action. Clark v. Ruck, No. 13 CV 3747, 2014 WL 1477925, at *2 (N.D.Ill. April 15, 2014) (citations omitted). Information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Courts are

instructed to consider "the totality of the circumstances, weighing the value of the material sought against the burden of providing it" and taking into account society's interest in furthering "the truth-seeking function" in each particular case. Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002) (citation omitted).

Litigants are entitled to pursue discovery on defenses which show an alternative to evidence presented by the opposing party. Shelvy v. Wal-Mart Stores, 2014 WL 3882487 (N.D.Ill. August 7, 2014). Orthofix maintains it needs DJO sales information to perform an alternative damage analysis and to rebut the recently produced opinion that damages should be based on DJO's sales increases alone. The information sought is discoverable to permit Orthofix to evaluate alternative litigation strategies. The Motion to Quash the requests made in Requests 1 and 2 of the subpoena at issue is denied.

The subpoena in question has attached as Exhibit 1 a list of 54 physicians for whom additional sales information is sought. In its Response, Orthofix indicates it will modify its request for only the 22 doctors contained in the expert report of Mike L. O'Brien. This will reduce the burden on DJO in producing the information. Consequently, the Motion to Quash filed by DJO is granted as to the production of sales

information to physicians included on Exhibit 1 to the subpoena which are not included in the damage report from Expert O'Brien.

In its Response to the Motion to Quash, Orthofix also indicates it would accept an average profit margin for the sale of DJO bone growth stimulators in the relevant time frame, instead of the per sale profit margin sought by the subpoena. The Court does not know whether such a report is maintained by DJO in its ordinary course of business. If it is maintained in the ordinary course of business, DJO may elect to submit the average profit margin from the sale of DJO bone growth stimulators, rather than the per sale profit margins sought by the subpoena. Likewise, if it is less burdensome for DJO to produce the average profit margin for the sales of DJO bone growth stimulators, rather than produce the underlying data, DJO may elect to produce the average profit margin information, rather than the data necessary for a per sale profit margin. If the average profit margin for sale is not produced, the underlying data must be produced by DJO.

### Order

A. With regard to the information sought in Requests 1 and 2 of the subpoena (d/e 72, sealed, pgs. 7-8), the Court DENIES DJO's Motion to Quash (d/e 69) with regard to general production of the information. The

Court ORDERS DJO to produce supplemental information updating the sales information previously produced in response to Request 1 on page 8 of d/e 71, sealed, for the period extending from the prior production of that information through April 17, 2015.  However, with the agreement of Orthofix, the production of the information is limited to the 22 physicians listed on pages 10 and 11 of 33 in d/e 73, sealed.  The request for production of information of physicians in excess of the 22 physicians listed is QUASHED.  DJO may elect to produce the average profit margin for the sale of DJO bone growth stimulators instead of the information to enable computation of per sale profit margins sought by the subpoena.  If DJO elects not to produce the average profit margin, the underlying data requested in the subpoena must be produced.

   B. With regard to Request 3(1) and (2) on page 8, d/e 72, sealed, DJO's Motion to Quash (d/e 69) is GRANTED IN PART AND DENIED IN PART.  The Motion is granted as to the production of any information concerning David Wagenseller.  The Motion is denied as to the remaining individuals for whom information is sought and the time period for which the information must be produced is limited to communications occurring between March 8, 2012 and March 15, 2014.  As to the request for information concerning litigation in paragraph (3) of Request 3 on page 9 of

d/e 72, sealed, the Motion to Quash is granted and DJO is not required to produce any information requested in paragraph (3) of Request 3.

    C.    DJO must produce the responsive information discussed above by June 30, 2015.

ENTER:   June 8, 2015

                                 *s/ Tom Schanzle-Haskins*
                              UNITED STATES MAGISTRATE JUDGE